UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-01657-HDV-PD | Date January 21, 2025 |
| Title *Dana Jaye Bal et al v. Hyundai Motor America* | |

Present: The Honorable Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS—ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [DKT. NO. 20]

## I. INTRODUCTION

Before the Court is Hyundai Motor America's ("Hyundai" or "Defendant"), Motion to Compel Arbitration. ("Motion") [Dkt. No. 20]. Hyundai argues that Plaintiff consented to arbitrate all claims related to her vehicle when he signed the Connected Services Agreement to activate Bluelink Services in his Hyundai Palisade.

In a separate action, *Hageman v. Hyundai Motor America*, case no. 8:23-cv-1045-HDV-KES, this Court analyzed the same Connected Services Agreement in relation to a motion to compel arbitration. In *Hageman*, this Court found that the arbitration provision was unconscionable and unenforceable, that the delegation clause did not clearly and unmistakably delegate the issue of arbitrability to the arbitrator, and that Plaintiff's claims fell outside the scope of the arbitration agreement. *See* December 10, 2024 Order Denying Motion to Compel Arbitration (the "*Hageman* Order"). [Dkt. No. 57].

For the very same reasons detailed in the *Hageman* Order, the Court denies Defendant's Motion to Compel Arbitration.

## II.   BACKGROUND

The facts of this case mirror those of *Hageman v. Hyundai*. The tow hitch wiring modules in the 2020–2022 Hyundai Palisade vehicles are allegedly defective, causing them to short circuit and catch on fire. *See* Complaint ¶¶ 1, 4 [Dkt. No. 1]. Plaintiff asserts that Hyundai failed to replace the defective tow wiring harness modules forcing many owners to pay for after-market solutions to fix their car's towing ability. *Id.* ¶ 6.

Hyundai maintains that Plaintiff enrolled in Hyundai's Bluelink services, a communication and technology feature in their cars, during a dealer-assisted enrollment process. Motion to Compel Arbitration ("Motion") at 2–3 [Dkt No. 20]. To enroll in Bluelink services, Plaintiff agreed to the Connected Services Agreement ("CSA") Terms and Conditions which contained an arbitration agreement. *See id.* at 6. Hyundai contends that Plaintiff assented to the terms of the CSA to arbitrate "any and all disputes" relating to "the vehicle." *Id.* Plaintiff here purportedly agreed to the Terms and Conditions four times—once at initial enrollment, twice using Hyundai's Customer Web Portal, and a fourth time when signing into the Hyundai's smart phone application. *Id.* at 5.

Hyundai filed its Motion to Compel Arbitration on October 7, 2024. On January 14, 2025, the Court heard oral argument and took the matter under submission. [Dkt. No. 38].

## III.   DISCUSSION

The Court concludes that there is no appreciable difference between the facts of this dispute and the *Hageman* case as it relates to the arbitration clause. At oral argument, the Court asked Hyundai's counsel (who also represents Hyundai in *Hageman*) to identify any substantive differences between the arbitration agreements in these two actions. Hyundai's counsel conceded that there was none. Indeed, the clauses are identical.

Factually, the only distinction between this case and *Hageman* is that the Plaintiff here agreed to the Terms and Conditions more than once. To use the common phrase, however, that is a distinction without a difference.

The Court hereby adopts in full all the findings and conclusions of the *Hageman* Order, which is attached here for the convenience of the parties and which is fully incorporated by reference in the present Order. In summary, the arbitration provision in the CSA is both procedurally and substantively unconscionable, does not clearly and unmistakably delegate the issue of arbitration to the arbitrator, and does not cover the claims brought by the Plaintiff.

For all the reasons discussed at length in *Hageman*, the Court denies Hyundai's Motion to Compel Arbitration.

**IT IS SO ORDERED.**